# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KENNETH L. MORRELL,

    Plaintiff,

v.

NEVADA DEPARTMENT OF PAROLE AND PROBATION, *et al.*,

    Defendants.

Case No. 2:15-cv-1409-JCM-NJK

**SCREENING ORDER**

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis*. (ECF No. 1-1, 5). The court now screens plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A.

## I.   SCREENING STANDARD

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison

Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claim, if "the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id*.

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a

1 complaint states a plausible claim for relief . . . [is] a context-specific task that requires the
2 reviewing court to draw on its judicial experience and common sense." *Id*.

3    Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua*
4 *sponte* if the prisoner's claims lack an arguable basis either in law or in fact.  This includes
5 claims based on legal conclusions that are untenable (e.g., claims against defendants who are
6 immune from suit or claims of infringement of a legal interest which clearly does not exist), as
7 well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios).
8 *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d
9 795, 798 (9th Cir. 1991).

10 **II.  SCREENING OF COMPLAINT**

11    Plaintiff sues multiple defendants for events related to his sentencing and classification
12 at the NDOC.  (ECF No. 1-1 at 2-3).  He sues the Nevada Department of Parole and
13 Probation, Judge Stephanie Miley, Judge Adair, James G. Cox, and Steven B. Woflson.  (*Id*.
14 at 2-3).  He alleges three counts and seeks monetary damages and injunctive relief modifying
15 his presentence investigation report and sentence.  (*Id*. at 10).

16    In count I, plaintiff alleges the following:  The Nevada Department of Parole and
17 Probation prepared a presentence investigation report ("PSI") that included "notes" regarding
18 plaintiff's arrests for first degree attempted murder and first degree sexual assault.  (*Id*. at 5).
19 Plaintiff was never formally charged with these crimes and immediately released after the
20 arrests.  (*Id*.).  These "notes" were made a part of plaintiff's "criminal history," used during open
21 court as part of the "official record," and have been used to influence plaintiff's legal
22 proceedings including his sentencing, parole board hearing, and classification within the
23 NDOC which denied him equal protection.  (*Id*. at 5).

24    In count II, plaintiff alleges the following: Judge Miley and Judge Adair were aware that
25 the PSI contained these prejudicial notes and allowed these notes to influence the sentencing
26 of plaintiff in violation of due process.  (*Id*. at 6).  The judges are to act as impartial agents and
27 exclude information that is irrelevant, ambiguous, or highly prejudicial.  (*Id*.).

28    In count III, plaintiff alleges the following: Judge Miley and Judge Adair used the PSI

as plaintiff's "official criminal history." (*Id*. at 7). District attorney Steven Wolfson used these notes from the PSI to "threaten" plaintiff with the filing of the habitual criminal act and coerced plaintiff into agreeing to a plea bargain. (*Id*.). Additionally, the director of the Nevada Department of Parole and Probation used the information in the PSI to deny plaintiff parole. (*Id*.). Lastly, plaintiff alleges that the NDOC Director James Cox and Warden Brian Williams used the information from the PSI to designate plaintiff as a violent sexual offender and they have denied plaintiff reclassification. (*Id*. at 10). This has affected plaintiff's access to school and work programs, which in turns impacts his ability to earn good time credits that would shorten the length of his incarceration. (*Id*.). Plaintiff alleges his Eighth and Fourteenth Amendment rights have been violated. (*Id*. at 4-7).

Plaintiff seeks monetary damages and injunctive relief in the forms of a "reissue" of his PSI, an order granting his parole, and that Judge Miley and Judge Adair modify his sentence. (*Id*. at 10). "[W]hen a state prisoner is challenging the very fact or duration of [the prisoner's] physical imprisonment, and the relief [the prisoner] seeks is a determination that [the prisoner] is entitled to immediate release or a speedier release from that imprisonment, [the prisoner's] sole remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Moreover, where a section 1983 action seeking damages alleges constitutional violations that would necessarily imply the invalidity of the conviction or sentence, the prisoner must establish that the underlying sentence or conviction has been invalidated on appeal, by a habeas petition, or through some similar proceeding. *See Heck v. Humphrey*, 512 U.S. 477, 483–87 (1994). Accordingly, where the section 183 action would necessarily imply the invalidity of the conviction or sentence, it may not proceed. *See Edwards v. Balisok*, 520 U.S. 641, 646–48 (1997).

Plaintiff is challenging the length of his sentence due to what he alleges is "misinformation" contained in his PSI. The court finds that plaintiff's claims are not cognizable under § 1983. Plaintiff ultimately seeks a finding that his confinement or the duration of his confinement is invalid. Plaintiff specifically states that he wants a modification of his sentence and to be granted parole. (*See* ECF No. 1-1 at 10). The court finds that plaintiff's complaint

4

ultimately seeks habeas relief. As such, the court dismisses the complaint in its entirety without prejudice to seek the appropriate habeas relief.

### III. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the application to proceed *in forma pauperis* (ECF No. 5) is **DENIED as moot.**

**IT IS FURTHER ORDERED** that the clerk of the court **shall file** the complaint (ECF No. 1-1).

**IT IS FURTHER ORDERED** that the complaint (ECF No. 1-1) is **DISMISSED** in its entirety for failure to state a claim. The complaint is **DISMISSED without prejudice** in order to permit plaintiff to seek the appropriate habeas corpus relief.

**IT IS FURTHER ORDERED** that plaintiff's motion to extend prison copywork limit (ECF No. 6) is **DENIED**.

**IT IS FURTHER ORDERED** that the clerk of the court **SHALL SEND** plaintiff two copies of an *in forma pauperis* application form for a prisoner, one copy of the instructions for the same, two copies of a blank 28 U.S.C. § 2254 habeas corpus form, and one copy of instructions for the same.

**IT IS FURTHER ORDERED** that plaintiff may file a habeas corpus petition and an *in forma pauperis* application in the new action, but he may not file any further documents in this action.

**IT IS FURTHER ORDERED** that this court certifies that any *in forma pauperis* appeal from this order would be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).

**IT IS FURTHER ORDERED** that the clerk of the court shall enter judgment accordingly.

DATED: January 26, 2016.

_____
United States District Judge

5